IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darious Lamont Moore, #248459, | ) | C/A No. 8:17-752-RMG-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Office of the Attorney General; | ) | |
| Mr. Alan Wilson, Attorney General; | ) | |
| Jonathan B. Williams, Assistant Attorney | ) | |
| General; Paula S. Magargle, Assistant Attorney | ) | |
| General; David Spencer, Assistant Attorney | ) | |
| General, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Darious Lamont Moore ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Perry Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff seems to allege the following factual allegations. He has attempted many times to obtain copies of court documents in his state case (Sumter County) number 2003-CP-43-1307; however, Plaintiff has not been sent certain documents that he believes should be found in that case. [Doc. 1.] In his efforts to obtain documents, on September 26, 2016, Plaintiff sent a freedom of information act ("FOIA") request pursuant to the South Carolina Code to the Office of the Attorney General seeking his "full inevitable motion and discovery criminal record." [*Id.*] On November 23, 2016, the Office of the Attorney General sent him a criminal record "that contain[ed] false factual information in the file," other

individuals names were in his file that had nothing to do with his case, the majority of information in his case was missing, a different indictment number was shown, and his last name was spelled wrong. [*Id.*] Plaintiff seems to allege that he has been seeking his records so that he can provide them to SCDC classification in order to prove that he had a sixteen year sentence that was dismissed. [*Id.*]

Due to the inadequate response to his September 26, 2016, FOIA request, Plaintiff sent another FOIA request pursuant to the South Carolina Code on January 27, 2017, to the Office of the Attorney General requesting copies of the motion and discovery from case number 2003-CP-43-1307. [*Id.*] On February 2, 2017, Plaintiff received a response from the Office of the Attorney General stating that in November of 2016 all of the public records in their possession in that case were provided to him; if Plaintiff would like another copy he must pay $31.80. [*Id.*] Based on this response, Plaintiff alleges that Defendants denied his right to access his records pursuant to FOIA. [*Id.*]

Plaintiff further contends that he has a liberty interest in his records and Defendants have violated his due process rights by failing to provide all documents to him and possibly by destroying or losing certain records. [*Id.*]

For his relief, Plaintiff requests $90,000.00 in damages, plus $25,000.00 for destroying evidence (DNA examination), $25,000.00 for the willful thwarting of discovery, $25,000.00 for the excusable neglect of failing to perform FOIA duties, and $15,000 for emotional distress. [*Id.*] Plaintiff also requests that this Court enter an injunction directed to each Defendant to "arrange for a full inevitable motion and discovery of [his] criminal record to be forward[ed] to [him]." [*Id.*] And, he seeks an injunction to order Defendants "to immediately have the sixteen 16 years under indictment No. 2003 GS 4300206 for armed

robbery in violation of 16-11-330(A) of S.C. Code of Laws, bearing CDR Code #0139 expunged off of the record and corrected." [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It appears that Plaintiff alleges he has a liberty interest in a copy of his criminal records and, by failing to provide them, Defendants have violated his due process rights under the United States Constitution. This seems to be an attempt to allege a claim that this Court would have federal question subject matter jurisdiction over. However, a violation of a state law is insufficient by itself to implicate the interests that trigger a federal due

4

process claim. *See Kowalski v. Berkeley Cnty. Schools*, 652 F.3d 565, 576 (4th Cir. 2011). Thus, Plaintiff's alleged violation of the South Carolina FOIA does not allege a claim for a violation of federal due process, and this Court does not have federal question jurisdiction over this action. *See Griffin v. S.C. Dep't of Probation*, C/A No. 2:09-2136-PMD, 2009 WL 4016118, at *1–2 (D.S.C. Nov. 19, 2009) (finding that Plaintiff's attempt to create a due process claim for an alleged violation of the S.C. FOIA did not give rise to a federal question); *Otts v. Saluda Cnty. Sheriff's Dep't*, C/A No. 8:16-2830-TMC-KFM, 2016 WL 6638089, at *3 (D.S.C. Sept. 28, 2016) (finding that Plaintiff's alleged violation of S.C. FOIA did not allege a federal law claim), *adopted by* 2016 WL 6627947 (D.S.C. Nov. 9, 2016).

This Court may have jurisdiction to hear Plaintiff's state law FOIA claims if diversity jurisdiction is present.[1] A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, it appears that all parties are alleged to be domiciled in South Carolina. Thus, complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.

---

[1]South Carolina law provides that state circuit courts are the appropriate venue to seek to enforce the South Carolina FOIA. S.C. Code Ann. § 30-4-100.

Additionally, Defendants have Eleventh Amendment immunity from Plaintiff's request for damages. "State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the states entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the federal government. *Id.* The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *See Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in

6

a court of another State). It is clear that the South Carolina Office of the Attorney General is an agency of South Carolina. *See Field v. McMaster*, C/A No. 6:09-1949-HMH-BHH, 2010 WL 1076060 (D.S.C. March 18, 2010). Thus, because Plaintiff seeks money damages from a State agency, this action is barred in this Court. Additionally, the Eleventh Amendment bars suits against state officials acting in their official capacities. *See Morstad v. Dept. of Corr.*, 147 F.3d 741, 744 (8th Cir. 1998).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

May 3, 2017  S/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).