# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Darius Lamont Moore, #248459, ) | Case No 8:17-cv-752-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Office of the Attorney General; ) | |
| Mr. Alan Wilson, Attorney General; ) | |
| Jonathan B. Williams, Assistant Attorney ) | |
| General; Paula S. Magargle, Assistant ) | |
| Attorney General; David Spencer, ) | |
| Assistant Attorney General, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 13) recommending that the Court summarily dismiss this action. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. This case is dismissed without prejudice and without issuance of service of process.

**I.  Background**

Darius Lamont Moore, a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Perry Correctional Institution, brings this civil action under 42 U.S.C. § 1983. Plaintiff seeks monetary damages for Defendants' alleged failure to provide him with full and complete copies of various state court criminal records, which he says violated his constitutional rights.[1] He also seeks injunctive relief, asking this Court to order Defendants to expunge an armed robbery indictment from his record. Plaintiff is proceeding *pro se* and *in forma pauperis*.

---

[1] The Court adopts the facts as outlined by the Magistrate in the R. & R. so does not repeat them in detail here. (Dkt. No. 13 at 1-3.)

## II. Legal Standard

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff is proceeding *pro se*, so his pleadings are considered pursuant to this liberal standard. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

## III. Discussion

For reasons thoroughly explained by the Magistrate Judge in the R. & R., this Court does not have federal question jurisdiction or diversity jurisdiction over this action. (Dkt. No. 13 at 4-5.) Defendants also have Eleventh Amendment immunity from Plaintiff's claims for monetary damages because he seeks monetary damages from the South Carolina Office of the Attorney General, a state agency. (Dkt. No. 13 at 6-7.)

This Court reviews *de novo* any part of the R. & R. to which there has been proper objection. Fed. R. Civ. P. 72(b)(2). Although Plaintiff has filed objections to the R. & R. (Dkt. No. 15), he has not specifically objected to the Magistrate's findings. Plaintiff appears to have merely restated the facts from his initial complaint. This Court's review of the record indicates that the R. & R. accurately analyzes the facts of this case and the applicable law.

## IV. Conclusion

For the reasons stated above, this case is summarily dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Court Judge

May 23, 2017  
Charleston, South Carolina